Rosemary M. Rivas (SBN 209147)
rrivas@zlk.com
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

*Attorneys for Plaintiff*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL KREINDLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZELTIQ AESTHETICS, INC., MARK J. FOLEY, D. KEITH GROSSMAN, DAVID J. ENDICOTT, MARY M. FISHER, KEVIN C. O'BOYLE, and ANDREW SCHIFF,<br><br>Defendants. | Case No. 5:17-cv-01353-EJD<br><br>CLASS ACTION<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Judge: Edward J. Davila<br>Courtroom: Courtroom 4 – 5th Floor |

WHEREAS, on February 13, 2017, Zeltiq Aesthetics, Inc. ("Zeltiq" or the "Company") and Allergan Holdco US, Inc. ("Allergan") announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which Allergan would acquire all of the outstanding shares of Zeltiq for $56.50 per share in cash through a long-form merger (the "Proposed Transaction");

WHEREAS, on March 9, 2017, the Company filed a Preliminary Proxy on Schedule 14A (the "Proxy") with the SEC. Among other things, the Proxy (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger

1  Agreement, (iii) stated that Zeltiq's Board of Directors determined that the Proposed Transaction
2  was in the best interests of Zeltiq's stockholders and recommended the Proposed Transaction, and
3  (iv) summarized the valuation analyses and fairness opinion by the financial advisor to Zeltiq;

4       WHEREAS, on March 13, 2017, plaintiff Michael Kreindler ("Plaintiff Kreindler") filed
5  this purported class action lawsuit in the United States District Court for the Northern District of
6  California, on behalf of himself and other public stockholders of Zeltiq, challenging the adequacy
7  of the disclosures made in the Proxy, captioned *Kreindler v. Zeltiq Aesthetics, Inc., et al.*, Case
8  No. 5:17-cv-1353 ("Kreindler Action");

9       WHEREAS, on March 14, 2017, plaintiff Paul Parshall ("Plaintiff Parshall") also filed a
10 purported class action lawsuit in the United States District Court for the District of Delaware, also
11 on behalf of himself and other public stockholders of Zeltiq, also challenging the adequacy of the
12 disclosures made in the Proxy, captioned *Parshall v. Zeltiq Aesthetics, Inc.*, Case No. 1:17-cv-
13 00270 ("Parshall Action");

14      WHEREAS, the complaint filed by Plaintiff Kreindler alleged, among other things, that
15 Defendants Zeltiq, Mark J. Foley, D. Keith Grossman, David J. Endicott, Mary M. Fisher, Kevin
16 C. O'Boyle, and Andrew Schiff (collectively, the "Defendants") committed disclosure violations
17 under Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"),
18 and Rule 14a-9 promulgated thereunder;

19      WHEREAS, on March 29, 2017, Plaintiff Kreindler filed a Motion for Preliminary
20 Injunction, seeking to enjoin the stockholder vote scheduled for Friday, April 27, 2017, regarding
21 the Proposed Transaction;

22      WHEREAS, counsel for Plaintiff Kreindler and Plaintiff Parshall and the defendants in the
23 Kreindler Action and Parshall Action engaged in arm's-length negotiations to attempt to resolve
24 the claims raised in the complaints filed by Plaintiff Kreindler and Plaintiff Parshall;

25      WHEREAS, as a result of the above-described negotiations, defendant Zeltiq filed an
26 amendment to its Definitive Proxy Statement on April 11, 2017, which included supplemental
27 disclosures that Plaintiff Kreindler has concluded render moot the claims raised in his Motion for
28

Preliminary Injunction (the "Supplemental Disclosures");

WHEREAS, on April 27, 2017, the Zeltiq stockholders met and voted to approve the Proposed Transaction;

WHEREAS, Plaintiff Kreindler and Plaintiff Parshall's counsel have informed the defendants in the Kreindler Action and Parshall Action of their intention to petition for fees in connection with the prosecution of the Kreindler Action and/or Parshall Action and/or the issuance of the Supplemental Disclosures if their claims cannot be resolved through negotiations between counsel (the "Fee Application");

WHEREAS, counsel for Plaintiff Kreindler and Plaintiff Parshall and the defendants in the Kreindler Action and Parshall Action intend to engage in good-faith arm's-length negotiations together to attempt to resolve any potential Fee Application without judicial intervention;

WHEREAS, all of the defendants in the Kreindler Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Kreindler Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff Kreindler or his attorneys, and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award; and

WHEREAS, Defendants in the Kreindler Action have denied and continue to deny any wrongdoing and contend that no claim asserted in the Kreindler Action was ever meritorious.

**PLEASE TAKE NOTICE THAT**:

1. Plaintiff Kreindler hereby voluntarily dismisses the Kreindler Action pursuant to Fed. R. Civ. P. 41(a)(1) with prejudice as to Plaintiff Kreindler only and without prejudice as to all other members of the putative class.

2. This Court retains jurisdiction over the Kreindler Action solely for purpose of any potential further proceedings related to Plaintiff Kreindler's Counsel's Fee Application, if such Fee Application becomes necessary.

3.   This Notice is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiff Kreindler or Defendants in support of or in opposition to any Fee Application by Plaintiff Kreindler's Counsel.

Dated: May 22, 2017                              Respectfully submitted,

                                                 */s/ Rosemary M. Rivas*
                                                 Rosemary M. Rivas
                                                 LEVI & KORSINSKY LLP
                                                 44 Montgomery Street, Suite 650
                                                 San Francisco, CA 90071
                                                 Tel.: (415) 291-2420
                                                 Fax: (415) 484-1294

                                                 *Counsel for Plaintiff Kreindler*

Dated: May 22, 2017                              */s/ Peter Adams*
                                                 Peter Adams
                                                 COOLEY LLP
                                                 4401 Eastgate Mall
                                                 San Diego, CA  92121-1909
                                                 Tel.: (858) 550-6059
                                                 Fax: (858) 550-6420

                                                 *Counsel for Defendants*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

                                                 */s/ Rosemary M. Rivas*
                                                 Rosemary M. Rivas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION IT IS SO ORDERED.** The Clerk shall close this file.

Dated: May 23, 2017

_____
Honorable Edward J. Davila
United States District Court Judge